**Rodney M. O'BAY, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 11–35000.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 25, 2012.

Rodney M. O'Bay, Portland, OR, pro se.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Rodney M. O'Bay appeals pro se from the district court's judgment dismissing his action alleging fraud and breach of contract claims against the United States under the Federal Tort Claims Act (the "FTCA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Valdez v. United States,* 56 F.3d 1177, 1179 (9th Cir.1995), and we affirm.

■ The district court properly dismissed O'Bay's fraud claim because the FTCA bars claims against the United States that arise out of "misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *see also Pauly v. U.S. Dep't of Agric.,* 348 F.3d 1143, 1151 (9th Cir.2003) (per curiam) (United States retains its immunity against claims excluded from the FTCA, such as those arising out of negligent or fraudulent misrepresentation).

■ The district court properly dismissed O'Bay's breach of contract claim because the Court of Federal Claims has exclusive jurisdiction over contract claims for more than $10,000. *See* 28 U.S.C. § 1346(a)(2); *Lee v. Blumenthal,* 588 F.2d 1281, 1282 (9th Cir.1979).

O'Bay's remaining contentions are unpersuasive.

Issues not expressly addressed in O'Bay's opening brief are deemed waived. *See Graves v. Arpaio,* 623 F.3d 1043, 1048 (9th Cir.2010) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

